IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL KORIE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-02507-S (BT) |
| | § | |
| RENTGROW, et al. | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se plaintiff Daniel Korie filed a letter to the Court that has been construed as a civil complaint. Compl. (ECF No. 3). But the construed complaint did not comply with Federal Rule of Civil Procedure 8(a)[1], nor did Plaintiff pay the filing fee or move for leave to proceed in forma pauperis (IFP). So, the Court issued an order and notice of deficiency (NOD), ordering Plaintiff to correct these deficiencies by September 1, 2026. *See* Ord. and Not. of Deficiency (NOD) (ECF No. 4). The Court warned Plaintiff that his failure to comply with the NOD would result in the dismissal of this case under Federal Rule of Civil Procedure 41(b). To date, however, Plaintiff has not filed an amended complaint or paid the filing fee

[1] Under Rule 8(a), a pleading that states a claim for relief must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a).

or moved for leave to proceed IFP, and his time to do so has passed. So, the District Judge should dismiss this case without prejudice under Rule 41(b).

**Legal Standards and Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Plaintiff's failures to file a complaint that satisfies Rule 8(a)'s minimum requirements and to either pay the filing fee or move for leave to proceed IFP have stalled this case. The Court cannot meaningfully evaluate Plaintiff's allegations or assess its own subject matter jurisdiction based on Plaintiff's construed complaint. And Plaintiff must pay the filing fee or obtain leave to proceed IFP before this case can proceed. *See* 28 U.S.C. §§ 1914, 1915. As a result, the District Judge should

dismiss Plaintiff's case without prejudice under Rule 41(b) for failure to prosecute and failure to obey court orders.

**Recommendation**

The District Judge should dismiss plaintiff Daniel Korie's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders.

**SO RECOMMENDED.**

October 5, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).